LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
Joseph S. Maniscalco, Esq.
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| | Case No.: 807-71796-REG |
| INFLIGHT NEWSPAPERS, INC., | |
| Debtor. | |

------------------------------------------------------------------x

R. KENNETH BARNARD, ESQ., as Trustee of the
Estate of Inflight Newspapers, Inc.

       Plaintiff

- against-                                                      Adv. Pro. No.:

BELAIR PAYROLL SERVICES, INC.,

       Defendant.

------------------------------------------------------------------x

## **COMPLAINT**

Plaintiff, R. Kenneth Barnard, Esq., as Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the estate of Inflight Newspapers, Inc. (the "Debtor" or "Inflight"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, as and for his complaint against defendant Belair Payroll Services, Inc. (the "Defendant"), alleges as follows:

### **Jurisdiction And Venue**

1.      This adversary proceeding is brought pursuant to 11 U.S.C. §§ 105, 541, 542, 550 and 551 (the "Bankruptcy Code"), Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the New York Debtor Creditor Law §272, et. seq., and the general equitable powers of this Court.

1

2.      The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334 and Rules 6009 and 7001 as this action arises in and under the pending Chapter 7 bankruptcy case of the Debtor.

3.      This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

4.      This Court is the proper venue for this proceeding in accordance with 28 U.S.C. § 1409(a).

### The Nature of the Action

5.      The Chapter 7 Trustee of Inflight, the Debtor herein, brings this action to recover money damages against the Defendant insofar as the Defendant knowingly and intentionally converted and/or participated with others in a scheme to surreptitiously convert money, assets, or property of the Debtor by participating with insiders in a long-term scheme to defraud the Debtor and/or convert its money, assets or property. As set forth more fully below, the Defendant, a third-party check cashing company, facilitated a check cashing scheme (referred to hereinafter as the "Check Cashing Scheme") by cashing a series of falsified commercial transactions, forged or unauthorized instruments, documents and/or checks of the Debtor. The Defendant's involvement in the Check Cashing Scheme caused and/or resulted in losses and/or damages to the Debtor aggregating in excess of $6,000,000.00 (the "Embezzled Funds"), which caused or contributed to the failure of the Debtor's business. But for the Defendant's pivotal role in the Check Cashing Scheme, the Check Cashing Scheme would not have been accomplished. As more fully set forth herein, the Defendant knew or should have known of the magnitude and complexity of the Check Cashing Scheme.

**Background and Parties**

6. Upon information and belief, the Defendant is a domestic business corporation duly organized and existing under the laws of the State of New York, having a principal place of business at 159-17 Northern Boulevard, Flushing, New York 11358.

7. As the permanent Trustee of the Debtor's estate, Plaintiff is authorized to commence this action pursuant to § 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

**Allegations Applicable To All Claims for Relief**
**(Incorporating All Previous Allegations)**

**A.    The Involuntary Bankruptcy Filing**

8. On May 21, 2007, an involuntary petition was filed against Inflight by the petitioning creditors, Road Carriers Local 707 Pension Fund, Road Carriers Local 707 Welfare Fund, Dua and Lorraine Lehner, for relief pursuant to the Bankruptcy Code.

9. An involuntary summons was issued on May 22, 2007 (the "Involuntary Summons").

10. The Involuntary Summons was served on the Debtor on May 25, 2007. An Order for relief was entered on August 10, 2007.

11. The Trustee was appointed as the interim Chapter 7 Trustee by Notice of Appointment dated August 10, 2007. He has since duly qualified and is acting as the permanent Trustee in this case.

**B.    The Cash Cashing Scheme**

12. Upon information and belief, the Defendant is engaged in the business and licensed to engage in business as a licensed casher of checks pursuant to Article IX-A of the New York Banking Law (the "Banking Law") by the Superintendent of Banks (the "Superintendent") of the New York State Banking Department (the "Banking Department").

13. From 1999 through 2004, the Defendant participated with insiders of the Debtor and others, including Joshua Joffe and Barry Saines (the "Co-Conspirators"), in the Check Cashing Scheme with the intent to and for the purpose of defrauding the Debtor and/or converting its money, assets or property (the "Converted Assets").

14. Based upon a review of the books and records of the Debtor, the Trustee believes that the Defendant knew, or should have known, that the Debtor was cashing "phony" checks.

15. In furtherance of the Check Cashing Scheme, the Defendant routinely cashed the Debtor's checks in violation of numerous Banking Laws and regulations.

16. At a time when it was impermissible, upon information and belief, the Defendant was facilitating the cashing of corporate third party checks for the Debtor and the Co-Conspirators.

17. The Debtor created a relationship with the Defendant to facilitate the cashing of third-party corporate checks through the Defendant.

18. The Debtor created a relationship with the Defendant to facilitate the cashing of phony payroll checks through the defendants.

19. The Defendant assisted in structuring the transactions by which the Co-Conspirators defrauded the Debtor of the Converted Assets.

20. The Defendant knew, or should have known, that the Debtor's checks that were being cashed were phony checks,

21. The Defendant knew, or should have known, that the Co-Conspirators were looking to convert the Debtor's money or property to or for their own benefit.

22. The Defendant received a substantial monetary benefit for engaging in the scheme

with the Co-Conspirators and facilitating the scheme.

23.     Upon information and belief, the Defendant assisted with the Co-Conspirators in violating Banking Laws and Regulations and in converting the Debtor's money and/or property for the Defendant's own benefit.

**C.      The Defendant's Deposition**

24.     On April 29, 2008, the Trustee, through his counsel, conducted an examination of Defendant by Craig Panzera ("Panzera"), its owner and, upon information and belief, sole officer (the "Deposition").

25.     At the Deposition, the Trustee's counsel asked Panzera, on behalf of the Defendant, numerous questions regarding the Defendant's relationship with the Debtor and the Co-Conspirators.

26.     Panzera, on behalf of the Defendant, testified that he knew Co-Conspirator Joffe from cashing checks.

27.     Panzera, on behalf of the Defendant, testified that cashed checks from the Debtor made payable to certain third parties.

28.     Panzera on behalf of the Defendant, testified that Co-Conspirator Saines would bring the Debtor's checks made payable to certain third parties to the Defendant to be cashed.

29.     Panzera, on behalf of the Defendant, testified that he did not verify all of the Debtor's checks made payable to certain third parties, which were cashed by the Defendant.

30.     Panzera, on behalf of the Defendant, testified that the Defendant cashed checks of the Debtor made payable to third party entities.

31.     Panzera, on behalf of the Defendant, testified that the Defendant's fee for its

participation in the Check Cashing Scheme was one point seventy-fiver percent (1.75%).

   32.  The Defendant knowingly and intentionally participated in, and acted in furtherance of, the Check Cashing Scheme, for its own personal pecuniary gain.

   33.  Upon information and belief, the Defendant received not less than one hundred and five thousand dollars ($105,000.00) for the Defendant's involvement in the Check Cashing Scheme (the "Transfers").

   34.  Upon information and belief, the Defendant's involvement and monetary benefit received exceeded the value of the Transfers and the testimony provided at the Deposition.

   35.  In furtherance of the Check Cashing Scheme, the Defendant received the Transfers, after negotiating the checks through, or with the assistance of the Check Cashing Stores, and converted the Transfers for its personal ownership, use enjoyment and benefit.

   36.  The Transfers were the Debtor's property.

   37.  But for the Defendant's assistance in engaging in the Check Cashing scheme, the Debtor would have been unable to accomplish the conversion of its assets to the detriment of creditors.

   38.  The Defendant's involvement in the Check Cashing Scheme damaged the Debtor's estate insofar as the Transfers were surreptitiously and wrongfully removed from the Debtor's estate leaving it with insufficient funds to pay its debts and ultimately leaving the Debtor with insufficient capital to continue its business.

   39.  Any payments to the Defendant on account of or credited to it, including the Transfers, should be deemed fraudulent conveyances of the Debtor's assets.

### **FIRST CLAIM FOR RELIEF**
### **(Incorporating All Previous Allegations)**
### **(Property of the Estate - 11 U.S.C. §§ 541, 542)**

40. The Debtor has a legal and equitable interest in the Transfers.

41. The Debtor's legal and equitable interest in the Transfers is property of the estate.

42. By reason of the foregoing, the Plaintiff is entitled the entry of an Order under §§ 541 and 542 of the Bankruptcy Code: (a) directing the Defendant to immediately turn over the value of the Transfers, together with interest thereon to the Plaintiff; (b) for a money judgment against the Defendant in the amount of $105,000.00, together with interest thereon; and (c) for the value of any other transfer made to the Defendant by the Debtor, or on behalf of the Debtor, which the Plaintiff reserves the right to prove and recover upon at trial.

### **SECOND CLAIM FOR RELIEF**
### **(Incorporating All Previous Allegations)**
### **(Fraudulent Conveyance Avoiding the Transfers)**
### **(New York Debtor Creditor Law § 273)**

43. Upon information and belief, at the time of the Transfers, the Debtor was insolvent or was rendered insolvent as a result of the Transfers.

44. The Transfers were made by the Debtor, at the direction of Joffe or the Defendant, to or for the benefit of the Defendant.

45. The Debtor did not receive fair consideration in exchange for the Transfers.

46. The Transfers constitute fraudulent conveyances under New York Debtor and Creditor Law §273.

47. Under Bankruptcy Code §§ 544(b) and 550 and New York Debtor and Creditor Law §273, the Plaintiff may avoid and recover the Transfers.

48. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant: (a) avoiding the Transfers under New York Debtor and Creditor Law §273; (b) recovering the Transfers, under Bankruptcy Code §§550(a) and 551, together with interest thereon; and (c) for the value of any other transfer made to the Defendant by the Debtor, or on behalf of the Debtor, which the Plaintiff reserves the right to prove and recover upon at trial.

### THIRD CLAIM FOR RELIEF
**(Incorporating All Previous Allegations)**
**(Fraudulent Conveyance Avoiding the Transfers)**
**(New York Debtor Creditor Law § 274)**

49. Upon information and belief, at the time of the Transfers, the Debtor was engaged or was about to engage in a business or transaction for which the property remaining in its possession after the transfers were conveyed constituted an unreasonably small capital.

50. The Debtor did not receive fair consideration in exchange for the Transfers.

51. The Transfers constitute fraudulent conveyances under New York Debtor and Creditor Law § 273.

52. Under Bankruptcy Code §§ 544(b) and 550 and New York Debtor and Creditor Law § 274, the Plaintiff may avoid and recover the Transfers.

53. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant: (a) avoiding the Transfers under New York Debtor and Creditor Law § 274; (b) recovering the Transfers, under Bankruptcy Code §§ 550(a) and 551, together with interest thereon; and (c) for the value of any other transfer made to the Defendant by the Debtor, or on behalf of the Debtor, which the Plaintiff reserves the right to prove and recover upon at trial.

### FOURTH CLAIM FOR RELIEF
### (Incorporating All Previous Allegations)
### (Fraudulent Conveyance Avoiding the Transfers)
### (New York Debtor Creditor Law § 275)

54. Upon information and belief, at the time of the Transfers the Debtor had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as they matured.

55. The Debtor did not receive fair consideration in exchange for the Transfers.

56. The Transfers constitute fraudulent conveyances of the Debtor's property under New York Debtor and Creditor Law § 275.

57. Under Bankruptcy Code §§ 544(b) and 550 and New York Debtor and Creditor Law § 275, the Plaintiff may avoid and recover the Transfers.

58. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant: (a) avoiding the Transfers under New York Debtor and Creditor Law § 275; (b) recovering the Transfers, under Bankruptcy Code §§ 550(a) and 551, together with interest thereon; and (c) for the value of any other transfer made to the Defendant by the Debtor, or on behalf of the Debtor, which the Plaintiff reserves the right to prove and recover upon at trial.

### FIFTH CLAIM FOR RELIEF
### (Incorporating All Previous Allegations)
### (Fraudulent Conveyance Avoiding the Transfers)
### (New York Debtor Creditor Law § 276)

59. The Transfers were made by the Debtor, at the direction of the Defendant or Joffe, to the Defendant with actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

60. The Transfers constitute fraudulent conveyances of the Debtor's property under New York Debtor and Creditor Law § 276.

61. Under Bankruptcy Code §§ 544(b) and 550 and New York Debtor and Creditor Law § 276, the Plaintiff may avoid and recover the Transfers.

62. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant: (a) avoiding the Transfers under New York Debtor and Creditor Law § 276; (b) recovering the Transfers, under Bankruptcy Code §§ 550(a) and 551, together with interest thereon; and (c) for the value of any other transfer made to the Defendant by the Debtor, or on behalf of the Debtor, which the Plaintiff reserves the right to prove and recover upon at trial.

### SIXTH CLAIM FOR RELIEF
### (Incorporating All Previous Allegations)
### (Attorneys' Fees Under New York State Debtor Creditor Law § 276-a)

63. The Transfers constitute a fraudulent conveyance of the Debtor's property in violation of New York State Debtor and Creditor Law § 276-a.

64. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant, under New York State Debtor and Creditor Law §276-a, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action.

### SEVENTH CLAIM FOR RELIEF
### (Incorporating All Previous Allegations)
### (Unjust Enrichment)

65. The Defendant was unjustly enriched as a result of its receipt of the Transfers.

66. The Defendant's unjust enrichment was at the expense of the Debtor.

67. The circumstances surrounding the Defendant's receipt and conversion of the Transfers are such that equity and good conscience require that the Defendant compensate the Plaintiff the amount of the Transfers, plus interest thereon.

68. By virtue of the foregoing, the Plaintiff is entitled to a judgment against the Defendant

for unjust enrichment in an amount as yet undetermined, but which amount is in no event less than $105,000.00, plus interest thereon.

### **EIGHTH CLAIM FOR RELIEF**
### **(Incorporating All Previous Allegations)**
### **(Money Had and Received)**

69. The Defendant had and received the Transfers.

70. The Transfers were property of the Debtor.

71. By virtue of the foregoing, the Plantiff is entitled to a judgment against the Defendant for monies had and received in an amount as yet undetermined, but which amount is in no event less than $105,000.00, plus interest thereon.

### **NINTH CLAIM FOR RELIEF**
### **(Incorporating All Previous Allegations)**
### **(Declaratory Judgment)**

72. The Transfers are property of the Debtor's estate pursuant to § 541 of the Bankruptcy Code.

73. The Defendant has used the Transfers for its own use and benefit and to the exclusion of the Debtor's estate and its creditors.

74. Upon information and belief, the Defendant has engaged in the transfer of other and further assets, all of which are property of the estate.

75. By virtue of the foregoing, there is an actual justiciable controversy concerning the nature and extent of the Transfers.

76. By virtue of the foregoing, Plaintiff is entitled to a declaratory judgment determining the nature and extent of the Transfers, and the entry of an Order directing the immediate turnover of the Transfers.

### TENTH CLAIM FOR RELIEF
### (Incorporating All Previous Allegations)
### (**Injunctive Relief**)

77. The Defendant remains in control of the Transfers.

78. If the Defendant is able to continue to spend, transfer, or otherwise dispose of the Transfers, the Trustee and the creditors of the Debtor's estate will be impaired from recovering valuable assets of the estate and thereby become irreparably harmed.

79. Pursuant to § 105(a) of the Bankruptcy Code, and Federal Rule of Civil Procedure 65, as incorporated by Federal Rule of Bankruptcy Procedure 7065, the Court may enjoin a party from proceeding with or continuing with, a course of conduct or practice which deletes, diminishes and/or affects property of the Debtor's estate and/or diminishes the value of the Debtor's assets or impairs the Trustee's efforts to recover or administer same.

80. By reason of the foregoing, when a judgment is obtained against the Defendant, Plaintiff is entitled to a preliminary injunction enjoining the Defendant from using, spending, transferring, conveying or otherwise disposing of the value of the Transfers, or such other amount as the Court may direct.

### ELEVENTH CLAIM FOR RELIEF
### (Incorporating All Previous Allegations)
### (**Aiding and Abetting a Conspiracy to Commit Fraudulent Conveyance**)

81. Upon information and belief, the Defendant acted in concert in perpetrating a massive fraud on the Debtor.

82. The Defendant acted in concert by engaging in and facilitating a continued pattern of dissipating the Debtor's assets for its personal benefit.

83. The Defendant acted in concert by failing to repay the money it converted from

the Debtor.

84. The Defendant knew or should have known of its obligations and requirements to act in accordance with the law, including the Banking Laws.

85. As a result of the Defendant's acts and omissions, the creditors and the Court are not able to obtain a clear financial picture of the Debtor and its assets.

86. As a result of the Defendant's acts and omissions, the creditors are frustrated from pursuing viable claims against it.

87. By virtue of the foregoing, the Plaintiff is entitled to a judgment against the Defendant for aiding and abetting a conspiracy to commit a fraudulent conveyance of the Debtor's assets in an amount to be determined at trial but in no event believed to be less than $105,000.00, plus interest thereon.

### TWELFTH CLAIM FOR RELIEF
### (Incorporating All Previous Allegations)
### (Civil Conspiracy to Commit Actual Fraud)

88. The Defendant engaged in overt acts with Co-Conspirators Saines and Joffe to carry out a scheme to defraud the Debtor.

89. The Defendant had knowledge that the activities it which it was engaged and its involvement in the Check Cashing Scheme were criminal.

90. The Defendant engaged in overt acts with Co-Conspirator Saines to carry out the Check Cashing Scheme.

91. Upon information and belief, the Defendant, with the assistance of Co-Conspirators Saines and Joffe, met, conferred and orchestrated the dissipation of the Debtor's assets.

92. Upon information and belief, the Defendant conferred, orchestrated and facilitated the Check Cashing Scheme with Co-Conspirators Saines and Joffe prior to engaging in the Check Cashing Scheme.

93. Upon information and belief, the Defendant conferred, orchestrated and facilitated the Check Cashing Scheme with Co-Conspirators Saines and Joffe while engaging in the Check Cashing Scheme.

94. But for the conspiracy to commit the Check Cashing Scheme and the assistance provided by the Defendant, the Check Cashing Scheme would not have been possible.

95. The Defendant, along with Co-Conspirators Saines and Joffe, mutually undertook to engage in the Check Cashing Scheme.

96. The Defendant, along with Co-Conspirators Saines and Joffe, hid, concealed and prevented the exposure of the Check Cashing Scheme.

97. The independent and overt acts described herein were made with knowledge, intent and for the purpose of defrauding the Debtor.

98. The independent and overt acts described herein were made for the personal benefit of the Defendant and Co-Conspirators Saines and Joffe.

99. The independent and overt acts described herein were made for the personal benefit of the Defendant.

100. By reason of the foregoing, the Plaintiff is entitled to the entry of a judgment against the Defendant in an amount equal to the Transfers, which amount is yet undetermined but which is believed to be no event, less than $105,000.00, plus interest thereon.

**WHEREFORE,** Plaintiff demand judgment against the Defendant as follows:

1. On his First Claim for Relief, under §§ 541 and 542 of the Bankruptcy Code, against the Defendant: (a) directing the Defendant to immediately turn over the value of the Transfers, together with interest thereon to the Plaintiff; (b) for a money judgment against the Defendant in the amount of $105,000.00, together with interest thereon; and (c) for the value of any other transfer made to the Defendant by the Debtor, or on behalf of the Debtor, which the Plaintiff reserves the right to prove and recover upon at trial;

2. On his Second Claim for Relief, under Section 273 of New York Debtor and Creditor Law and §§ 544(b) and 550 of the Bankruptcy Code, against the Defendant: (a) avoiding the Transfers under New York Debtor and Creditor Law § 273; (b) recovering the Transfers, under Bankruptcy Code §§ 550(a) and 551, together with interest thereon; and (c) for the value of any other transfer made to the Defendant by the Debtor, or on behalf of the Debtor, which the Plaintiff reserves the right to prove and recover upon at trial;

3. On his Third Claim for Relief, under Section 274 of New York Debtor and Creditor Law and §§ 544(b) and 550 of the Bankruptcy Code, against the Defendant: (a) avoiding the Transfers under New York Debtor and Creditor Law § 274; (b) recovering the Transfers, under Bankruptcy Code §§ 550(a) and 551, together with interest thereon; and (c) for the value of any other transfer made to the Defendant by the Debtor, or on behalf of the Debtor, which the Plaintiff reserves the right to prove and recover upon at trial;

4. On his Fourth Claim for Relief, under Section 275 of New York Debtor and Creditor Law and §§ 544(b) and 550 of the Bankruptcy Code, against The Defendant: (a) avoiding the Transfers under New York Debtor and Creditor Law § 275; (b) recovering the Transfers, under Bankruptcy Code §§ 550(a) and 551, together with interest thereon; and (c) for the value of any other transfer made to the Defendant by the Debtor, or on behalf of the Debtor, which the Plaintiff reserves the right to prove and recover upon at trial;

5. On his Fifth Claim for Relief, under Section 276 of New York Debtor and Creditor Law and §§ 544(b) and 550 of the Bankruptcy Code, against the Defendant: (a) avoiding the Transfers under New York Debtor and Creditor Law § 276; (b) recovering the Transfers, under Bankruptcy Code §§ 550(a) and 551, together with interest thereon; and (c) for the value of any other transfer made to the Defendant by the Debtor, or on behalf of the Debtor, which the Plaintiff reserves the right to prove and recover upon at trial;

6. On his Sixth Claim for Relief, for reasonable attorneys' fees under Section 276-a of New York Debtor and Creditor Law;

7. On his Seventh Claim for Relief, a judgment against the Defendant for unjust

    enrichment in an amount as yet undetermined, but which amount is in no event less than $105,000.00, plus interest thereon;

8.  On his Eighth Claim for Relief, a judgment against the Defendant for monies had and received in an amount as yet undetermined but which amount is in no event less than $105,000.00, plus interest thereon;

9.  On his Ninth Claim for Relief, a declaratory judgment determining the nature and extent of the Transfers, and the entry of an Order directing the immediate turnover of the Transfers;

10.  On his Tenth Claim for Relief, when a judgment is obtained against Defendant, Plaintiff is entitled to a preliminary injunction enjoining the Defendant from using, spending, transferring, conveying or otherwise disposing of the value of the Transfers, or such other amount as the Court may direct;

11.  On his Eleventh Claim for Relief, a judgment against the Defendant for aiding and abetting a conspiracy to commit a fraudulent conveyance of the Debtor's assets in an amount to be determined at trial but in no event believed to be less than $105,000.00, plus interest thereon;

12.  On his Twelfth Claim for Relief, a judgment against the Defendant in an amount equal to the Transfers, which amount is yet undetermined but which is believed to be no event, less than $105,000.00, plus interest thereon;

13.  Costs and expenses in connection with this action; and

14. Such other, further and different relief as this Court may deem just and proper.

Dated: August 10, 2009
       Wantagh, New York

                            **LAMONICA HERBST & MANISCALCO, LLP**
                            Attorneys for R. Kenneth Barnard, Esq., as
                            Trustee of the Estate of Inflight Newspapers, Inc.

       By:     *s/ Joseph S. Maniscalco*
               Joseph S. Maniscalco, Esq.
               A Member of the Firm
               3305 Jerusalem Avenue
               Wantagh, New York 11793
               (516) 826-6500

*M:\Documents\Company\Cases\Inflight Newspapers Inc\BELAIR Adv Action\Complaint.wpd*